UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-CV-00234-FDW

| | |
|---|---|
| WALTER LEE MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Walter Lee Moore's Motion for Summary Judgment (Doc. No. 11) filed on September 19, 2016, and Defendant Acting Commission of Social Security Nancy A. Berryhill's ("Commissioner") Motion for Summary Judgment (Doc. No. 15) filed on December 16, 2016. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits ("DIB") and Supplemental Social Security Income ("SSI").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court GRANTS Plaintiff's Motion for Summary Judgment (Doc. No. 11), DENIES the Commissioner's Motion for Summary Judgment (Doc. No. 15), and REMANDS the Commissioner's decision.

**I.   BACKGROUND**

Plaintiff filed an application for Title II and Title XVI disability benefits on April 14, 2012, alleging disability (Tr. 211). After his application was denied initially and upon reconsideration (Tr. 124, 133, 143, 151), Plaintiff requested a hearing (Tr. 161). The hearing commenced on

September 18, 2014, and on December 29, 2014, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's application. (Tr. 13).

The ALJ determined Plaintiff was not disabled. (Tr. 32). The ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date and that he had severe impairments of degenerative disc disease, arthritis, chronic hepatitis C infection, migraine headaches, depression, and polysubstance abuse (Tr. 18-19); however, those impairments did not meet or medically equal a per se disabled medical listing under 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 22-24). The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC") to perform medium work as defined in 20 CFR §§ 404.1567(c), 416.967(c) with the following limitations:

> [Plaintiff] is restricted from any overhead lifting with his left arm; and he is further limited to jobs performing the simple, routine, repetitive tasks of unskilled work in an environment requiring no interaction with the public.

(Tr. 24). Nevertheless, in response to a hypothetical that factored in the above limitations, the vocational expert ("VE") testified that Plaintiff was capable of performing his past relevant work (Tr. 30-21) and that Plaintiff could perform other jobs in the national economy (Tr. 31-32). Accordingly, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act. (Tr. 32).

Plaintiff requested review of the ALJ's decision by the Appeals Council, and the Appeals Council denied the request for review on March 17, 2016. (Tr. 1). Plaintiff has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). Plaintiff claims that the ALJ's decision is not based on proper legal standards and is not supported by substantial evidence.

## II. STANDARD OF REVIEW

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether the Commissioner applied the correct legal standards, 42 U.S.C. § 405(g) (2006), and (2) whether substantial evidence supports the Commissioner's decision. Bird v. Astrue, 699 F.3d 337, 340 (4th Cir. 2012).

The court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Remand is appropriate if the ALJ's analysis is extremely deficient and "frustrate[s] meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015). Therefore, when a reviewing court is "left to guess [at] how the ALJ arrived at his conclusions," remand is necessary. Mascio, 780 F.3d at 636.

## III. ANALYSIS

The issue before the ALJ was whether Plaintiff was disabled under the Social Security Act from July 29, 2009 to the date of the ALJ's decision. Disability is defined by 42 U.S.C. § 423(d)(1)(A) as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" The SSA requires an ALJ to follow a five-step process to make this determination. 20 C.F.R. § 404.1520(a)(1). If the claimant is found to be disabled or not disabled at any step in the process, the inquiry ends, and the adjudicator does not need to proceed further in the evaluation process.

In step 1, an ALJ must determine whether the claimant is engaged in a substantial gainful activity. In step 2, the ALJ determines whether the claimant has a severe medically determinable impairment or a combination of impairments. In step 3, an ALJ will find whether the claimant's impairments meets or medically equals one of the "paragraph B or C" listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. If an ALJ determines that the impairments are not so severe, the ALJ will determine the claimant's Residual Functional Capacity ("RFC"). An ALJ will then use the RFC assessment to examine whether the claimant can perform the requirements of his past relevant work in step 4 or whether the claimant can do any other work, considering the claimant's RFC, age, education, and work experience in step 5. 20 C.F.R. § 404.1520(a)(4)(i-v).

In the case at bar, the ALJ determined that Plaintiff was not disabled because his impairments did not meet or equal the "paragraph B or C" criteria in step 3 and that he could perform the requirements of past relevant work and other jobs available in the national economy in steps 4 and 5. (Tr. 30-32). On appeal to this Court, Plaintiff assigns error to the evaluation of Plaintiff's RFC and the failure to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT") in steps 4 and 5. (Doc. No. 12 at 2). The Court agrees with Plaintiff that the ALJ committed error warranting remand because the ALJ failed to incorporate limitations in the RFC or explain why Plaintiff's moderate impairment to concentration, persistence, and pace was not incorporated into Plaintiff's RFC. However, the Court finds Plaintiff's remaining assignment of error arising from the assessment of the RFC unavailing and

unsupported by applicable law. Because the Court finds that there was an error in the RFC finding, which provides the basis of the VE's testimony in steps 4 and 5, this Court will reserve judgment on this final argument asserted by Plaintiff concerning error from the ALJ's failure to resolve a conflict between the vocational expert's testimony and DOT.

### A. The ALJ's Analysis of Plaintiff's Residual Functional Capacity

Plaintiff argues that this case should be remanded pursuant to <u>Mascio v. Colvin</u> because the ALJ's failure to account for, or explain why it did not account for Plaintiff's mental impairments in the Plaintiff's RFC, "prevents the Court from being able to engage in a meaningful review of what the ALJ meant." (Doc. No. 12 at 11-12). Specifically, Plaintiff argues that the ALJ erred as to Plaintiff's mild impairment in activities of daily living; moderate impairment in social functioning; ability to handle stress; moderate impairment with regard to concentration, persistence, or pace; and ability to complete a normal workday and workweek. (Doc. No. 12 at 8-12, 17-21). The Commissioner argues generally that the ALJ's analysis was proper because the ALJ's "discussion of the evidence sufficiently explains how he arrived at the functional limitations articulated in the RFC." (Doc. No. 16 at 6.) The Commissioner also argues that this case is distinguishable from <u>Mascio</u> because the ALJ limited the RFC of Plaintiff to "simple, routine, and repetitive tasks of unskilled work" and that the ALJ explained the functional limitations associated with Plaintiff's mental impairments. (Doc. No. 16 at 5-6.)

In step 3 of an ALJ's analysis, the functional limitations of mental impairments are assessed within four broad categories: activities in daily living; social functioning; concentration, persistence, or pace, and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3); 20 C.F.R. pt. 404, subpt. P, app. 1, § 404 12.00(C). Activities in daily living is used to assess the "extent to which [the claimant is] capable of initiating and participating in activities independent of

5

supervision or direction." 20 C.F.R. pt. 404, subpt. P, app. 1, § 404 12.00(C)(1). Social functioning refers to the ability to relate to, communicate with, and work with supervisors, coworkers, and the public. 20 C.F.R. pt. 404, subpt. P, app. 1, § 404 12.00(C)(2). The ability to concentrate, persist, or maintain pace refers to the abilities to focus attention on work activities and stay on task at a sustained rate. 20 C.F.R. pt. 404, subpt. P, app. 1, § 404 12.00(C)(3). A limitation is assessed on a five-point scale: none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(4). If a claimant's limitations in these four broad categories do not meet or equal those listed in the "paragraph B or C" listings, the ALJ will determine the claimant's RFC. 20 C.F.R. § 404.1520(a).

When determining a claimant's RFC, an ALJ reviews all the relevant evidence of record, including medical determinable impairments that are not deemed severe, 20 C.F.R. § 404.1545 (a)(1)-(2), and analyzes the impact of the claimant's impairments from step 2 and step 3 on the claimant's work activity on a regular and continuing basis, 20 C.F.R. § 404.1545 (a)(4), (b)-(e); see also SSR 96-8p; Lewis v. Berryhill, 858 F.3d 858, 862 (2017) (citing Mascio, 780 F.3d at 635). An ALJ concludes the analysis by issuing a finding of the claimant's RFC—the most the claimant can do despite the limitations on the claimant's ability to work created by the claimant's impairments. 20 C.F.R. § 404.1545 (a)(1).

Plaintiff argues that limitation of "no interaction with the public" fails to address the moderate difficulties in social functioning found in step 3. (Tr. 10-11). However, the ALJ's limitation does address Plaintiff's moderate difficulties in social functioning by eliminating jobs that would require the claimant to interact with the public and addresses Plaintiff's limitations in a work environment with others in its analysis. 20 C.F.R. pt. 404, subpt. P, app. 1, § 404 12.00(C)(2). Here, the ALJ cites and discusses the state consultative psychiatrists' evaluation

notes. These notes demonstrate that Plaintiff "was cooperative," "cooperative with authority figures," "displayed adequate social skills," spoke clearly, coherently, and logically, and "appeared to be 'mentally alert' with 'good' impulse control" and their determinations that Plaintiff remained "clean, sober, and in treatment, he remained capable of performing a wide range of unskilled work." (Tr. 29-30). The ALJ also relied on Dr. Britt's and Dr. Duszlak's conclusions that Plaintiff had a Global Assessment of Functioning score of 55, indicating "moderate difficulty in social and occupational functioning," White v. Astrue, 572 F.3d 272, 276 (6th Cir. 2009) (citation omitted). (Tr. 29). Further, the ALJ gave greater weight to Dr. Duszlak's opinion, which found that Plaintiff could accept instruction from supervisor and would react reasonably well with coworkers and the public. (Tr. 30, 360-61). Therefore, the Court concludes that meaningful review has not been hampered, and there is substantial evidence supporting the ALJ's determination. Mascio, 780 F.3d at 636 (rejecting a *per se* rule requiring remand in the absence of a function-by-function analysis).

Similarly, Plaintiff's argument that a mild impairment on his daily activities has not been addressed is flawed. (Doc. No. 12 at 9-10). The inclusion of the limitation of "simple, routine, and repetitive tasks of unskilled work" does address this impairment. See generally 20 C.F.R. § 404.1520a(d) (limitation of mild is generally considered non-severe). This limitation addresses Plaintiff's ability to complete task in a work environment without supervision and direction, 20 C.F.R. pt. 404, subpt. P, app. 1, § 404 12.00(C)(1), and the ALJ's analysis provides substantial evidence to support this determination, including, but not limited to, Plaintiff's admission that most of his limitations are attributable "to his physical condition rather than to his mental impairments" and that he lives by himself and is able to take care of himself by doing among other things his own shopping, laundry, and cooking. (Tr. 22-23). Thus, the Court concludes that there

is substantial evidence supporting the ALJ's determination and the ALJ did not commit reversible legal error.

Plaintiff also alleges that the ALJ, by giving great weight to the opinions of Dr. Duszlak and the State agency consultants in the RFC determination, erred by not discussing or including a portion of their opinions addressing Plaintiff's ability to deal with stress. (Doc. No. 12 at 18 (citing SSR 85-15)). The Commissioner, however, contends that the ALJ properly considered and evaluated the opinion evidence under 20 C.F.R. §§ 404.1527, 416.927 and SSR 06-3P. (Doc No. 16, at 7). The Court agrees with the Commissioner that the ALJ, as evidenced through his analysis and narrative, considered the medical opinions and weighed them in accordance with 20 C.F.R. §§ 404.1527, 416.927. Here, the ALJ gave substantial weight to State agency consultants' opinions but greater weight to the opinion of Dr. Duszlak, who concluded Plaintiff had a diminished ability to deal with stress but could work with supervisors, coworkers and complete simple, repetitive tasks (Tr. 30, 360-61). The ALJ's further relied on the objective findings by Dr. Britt and Dr. Duszlak that Plaintiff was cooperative, fully oriented, with adequate social skills and their conclusions that Plaintiff had a Global Assessment of Functioning score of 55. (Tr. 29). The ALJ also justified giving greater weight to the opinion of Dr. Duszlak by relaying that her findings were more consistent with medical treatment notes in the record and occurred when Plaintiff was sober. (Tr. 29-30); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) (holding that the ALJ must indicate the weight given to relevant evidence to allow review of findings for substantial evidence). As a result, the ALJ has evaluated Plaintiff's ability to adapt to the demands and stress of the workplace as directed by SSR 85-15. The Court concludes that sufficient evidence supports the ALJ's determination in the RFC, 20 CFR §§ 404.1527(d), 416.927(d), that Plaintiff's inability to deal with stress, demands, or changes in work setting limited his ability to perform jobs to only

those that are "simple, routine, repetitive tasks of unskilled work in an environment requiring no interaction with the public." (Tr. 24, 361.) As a result, remand as to Plaintiff's moderate impairment of social functioning, mild impairment on daily activities, and Plaintiff's ability to deal with stress is not warranted.

However, Plaintiff's assignment of error regarding the omission of a limitation addressing an impairment in concentration, persistence, and pace (Doc. 12 at 11-12) and its impact on his ability to complete a normal workday and weekday (Doc. 12 at 19) is meritorious. In Mascio, the Fourth Circuit, joining other circuits, held that "an ALJ does not account 'for a claimant's limitation in concentration, persistence, and pace by restricting the [RFC or the] hypothetical question to simple, routine tasks, or unskilled work[,]'" 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)), because "the ability to perform simple tasks differs from the ability to stay on task[,]" id. However, the Fourth Circuit explained that the ALJ could conclude that the concentration, persistence, or pace impairment did not affect the claimant's ability to work and exclude such a limitation from the RFC and the hypothetical tendered to the vocational expert if the ALJ give an explanation. Id.

Here, the ALJ's limitation of "simple, routine, and repetitive tasks of unskilled work" in the RFC, is merely a combination of the limitations that the Fourth Circuit has found insufficient to address Plaintiff's impairment of concentration, persistence or pace. Therefore, the Court must consider whether the ALJ has provided an explanation for this omission. Although the ALJ discusses and analyzes the evidence in the record to support his RFC determination, including his discussion concerning Plaintiff's improved functioning when he is "away from drugs and alcohol and receiving consistent, good quality mental health treatment" (Tr. 29), the ALJ fails to address how the moderate impairment on concentration, persistence, or pace impacts his ability to stay on

9

task at work, and by extension perform a normal workday or workweek, 20 C.F.R. pt. 404, subpt. P, app. 1, § 404 12.00(C)(3); Robinson v. Colvin, 31 F. Supp. 3d 789, 794 (E.D.N.C. 2014) (citing Singletary v. Bowen, 798 F. 2d 818, 822 (5th Cir. 1986) (finding that Plaintiff can find a job requires a finding that he can maintain the job "for a significant period of time"). The ALJ also did not conclude that alcoholism or drug addiction would be a contributing factor to a determination of disability. 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535. (See Doc. No. 16 at 7-8). Without further explanation of this impairment's impact on Plaintiff's ability to work, this court is "left to guess [at] how the ALJ arrived at his conclusions." Mascio, 780 F.3d at 636.

Therefore, the Court agrees with Plaintiff that the decision must be remanded to address the omission of a limitation or explanation addressing Plaintiff's impairment of concentration, persistence or pace and any resulting impact on his ability to complete a workday and workweek. Mascio, 780 F.3d at 638; Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013). This error is not harmless, as this potentially incomplete RFC formed the basis of the hypothetical submitted to the VE, (Tr. 60-61), and VE testimony based on incomplete hypotheticals may not provide basis for an ALJ's disability determination. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Upon remand, the ALJ should conduct a function-by-function analysis of Plaintiff's limitation of concentration, persistence or pace and adequately explain the evidence that supports his RFC determination.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is GRANTED; the Commissioner's Motion (Doc. No. 15) is DENIED; and the ALJ's determination is REMANDED to the Commissioner for further proceedings consistent with this ORDER.

IT IS SO ORDERED.

Signed: September 13, 2017

Frank D. Whitney
Chief United States District Judge